

**FILED**
**1/5/2015**
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

RECEIVED
SEP 19 2014
THOMAS G. BRUTON
CLERK, U S DISTRICT COURT

| | |
|---|---|
| MARTIN EDWARD LEWIS, )<br>)<br>Plaintiff, )<br>v. )<br>)<br>)<br>)<br>CHICAGO POLICE DEPARTMENT, )<br>CITY OF CHICAGO, ILLINOIS, )<br>an Illinois municipal corporation, )<br>)<br>Defendants. ) | 1:14-cv-07317<br>Judge Elaine E. Bucklo<br>Magistrate Judge Mary M. Rowland<br><br>**JURY DEMANDED** |

## NOTICE OF FILING

TO: Daniel Nixa
Assistant Corporation Counsel
Federal Civil Rights Litigation Division
City of Chicago Department of Law
30 N. LaSalle, Suite 900
Chicago, IL 60602

On September 19, 2014, I filed this **Complaint Seeking Compensatory and Punitive Damages Against Defendants and Motion for Appointment of Counsel as well as Motion to Proceed In Forma Pauperis,** a copy of which is attached hereto and hereby served on you.

Martin Edward Lewis
7821 South Rhodes Avenue
Chicago, Illinois 60619-3013

### PROOF OF SERVICE

I, Martin Edward Lewis, pro se, certify that I served a copy of the above documents on petitioner's attorney by:

Sending through U.S. first class mail delivery to Daniel Nixa, Assistant Corporation Counsel, Federal Civil Rights Litigation Division, City of Chicago Department of Law, 30 N. LaSalle, Suite 900, Chicago, IL 60602, prior to 5:00 p.m. on September 19, 2014.

*Martin Edward Lewis*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

RECEIVED
SEP 19 2014
THOMAS G BRUTON
CLERK, U S DISTRICT COURT

| | |
|---|---|
| MARTIN EDWARD LEWIS,<br><br>    Plaintiff,<br>    v.<br><br><br>CHICAGO POLICE DEPARTMENT,<br>CITY OF CHICAGO, ILLINOIS,<br>an Illinois municipal corporation,<br><br>    Defendants. | 1:14-cv-07317<br>Judge Elaine E. Bucklo<br>Magistrate Judge Mary M. Rowland<br><br><u>JURY DEMANDED</u> |

COMPLAINT

Plaintiff brings this suit based on 42 U.S.C. Section 1983, under the Civil Rights Act of 1871, the Cruel and Unusual Punishment Clause of the Eighth Amendment, the Due Process Clause of the Fifth Amendment, and the Due Process and Equal Protection Clauses of the Fourteenth Amendment for wrongful detention, discrimination based on race by an officer of the Chicago Police Department with the cause of action accruing from the arrest of February 7, 2013 at CTA Red Line Cermak-Chinatown Archer Annex, to dismissal by Judge Anthony John Calabrese duly seated in the Circuit Court of Cook County on April 5, 2013.

1. Plaintiff Martin Edward Lewis, who is black, was arrested on February 7, 2013 at by Police Officer Wolfe, Badge #18973, and a police officer of the Chicago Police Department. The arrest occurred at 11:30 p.m., where the Plaintiff was at the Cermak-Chinatown Archer Avenue Annex, a stationhouse at Archer &

Wentworth Avenues and at about 11:30 p.m. on Thursday, February 7, 2013, where the Plaintiff was standing and waiting for a northbound train on the CTA Red Line. The Plaintiff has just come from a motorbus from Four Winds Casino Resort in New Buffalo, Michigan, itself an hour and a half bus ride. The Plaintiff had heard overhead the southbound train arrive with two passengers going through the turnstile, leaving the stationhouse. Then, moments later, all of a sudden the Plaintiff had an extreme urge to find a place to use the bathroom. Since there was another man standing in the stationhouse, the Plaintiff sought out quickly a more private place to relive himself. There was an unlocked iron gate next to the turnstiles that was open. The Plaintiff don't know why it was open. And the Plaintiff did notice that there was a monitor inside the customer assistant kiosk with two camera views operating. But because of the urgency to take a bathroom break, the Plaintiff's body simply could not wait for him to go through the step of unzipping his coat and an inner pocket zipper to take out his Chicago Card Plus to touch the touchpad on the turnstile. The Plaintiff opened the unlocked gate to open another push gate for a place to relieve himself beyond anyone's view. But before the Plaintiff could unzip his fly, lo and behold, two police officers were hiding in that space, watching the camera views shown on the monitor in the kiosk. They told him he had violated a paid space of the CTA and that the Plaintiff would get a ticket. However, one of the officers said that because the Plaintiff had not touched my Chicago Card Plus card on the touchpad, the Plaintiff would be charged with a city charge of CTA trespass. The Plaintiff was escorted to a padded wagon without handcuffs and taken to the 17th & State

Police Station for questioning. The Plaintiff told the story about the casino's reputation of diluting the drinks of the Chicago-Chinatown bus riders, forcing many to use the bathroom with urgency and frequency. And the fact that the Royal Excursion bus chartered by the casino has its bathroom on the bus locked if it is unclean on its last ride, which it did when this arrest occurred. The Plaintiff was booked and fingerprinted and held in a holding cell overnight for 10 hours until processing was completed. The Plaintiff was released the next morning at just after 10:00 a.m. on February 8, 2013 for an April 5, 2013 court date at 2452 West Belmont Avenue at 9:00 a.m. The Plaintiff was charged under a city ordinance for trespass on CTA property. The police officers said that most likely they would dismiss the case at that time. On April 5, 2013 the Honorable Anthony John Calabrese of the Cook County Circuit Court dismissed the case. On April 19, 2013, Plaintiff filed for an expungement of the arrest from his history and record. With the Illinois State Police given no objection, the Circuit Court of Cook County granted the expungement request on July 30, 2013. The Illinois State Police and the Chicago Police Department in August, 2013 followed by expunging all of their records of the arrest, with mug shots and fingerprints expunged as well.

2. The cause of action arises when the Plaintiff was given an April 5, 2013 court date to appear before Judge Anthony John Calabrese for Case #13119892601. On that same date, the Plaintiff was dismissed of the charge of municipal ordinance by Judge Anthony John Calabrese, Circuit Court of Cook County. Expungement by a judge of the Circuit Court of Cook County followed on July 30, 2013.

3. This instant case is similar to *Farad Polk v. Cook County*, 2014-CH-11363, Chancery Division, Circuit Court of Cook County, Judge David B. Atkins, presiding, in that the Plaintiff was held for **more than 10 hours overnight** in police detention, five times longer than the usual two hours needed for processing, especially when the two police officers said they would dismiss the case against the Plaintiff.

4. The arrest was made by Police Officer Wolfe, Badge #18973, a white/Caucasian Chicago Police Officer.

5. The excessive detention was made under color of State law. Whether police were justified in detaining Plaintiff for ten hours following an arrest for an allegedly minor incident is a jury question. *Chortek v. City of Milwaukee*, 356 F.3d at 747 (7th Cir. 2004).

6. 42 U.S.C. Section 1983 precludes an infringement of Constitutional rights under the Fourteenth Amendment. The Chicago Police Department is a department of the local government, the City of Chicago, itself a municipal corporation chartered by the State of Illinois. 42 U.S.C. Section 1983 precludes racial discrimination under color of State law as it restricts the actions of the States. Section 1983 makes it unlawful for anyone acting under the authority of state law to deprive another person of his or her rights under the Constitution or federal law.

7. Plaintiff maintains that racism played a major role in the motive behind the excessive detention.

8. The Chicago Police Department represents by this excessive detention a State participation in this act of racial discrimination, an act of governmental misconduct.

9. The Fourteenth Amendment limits the power of the States. The Equal Protection Clause applies to the State government and its agents. It therefore applies to the City of Chicago and the Chicago Police Department, its officers and their acts during the course of their employment.

10. Defendants clearly violated Plaintiff's rights under the Fourteenth Amendment with a public act of racial discrimination and governmental misconduct. Plaintiff's rights under the Eighth Amendment have also been violated against the protection of wrongful excessive detention. Plaintiff's rights under the Fifth and Fourteenth Amendments were violated against denial of due process because of the excessive detention.

11. Because of State participation under color of State law, Plaintiff has a strong basis for a constitutional claim under 42 U.S.C. Section 1983.

12. Plaintiff is seeking compensatory damages of $25,000.00 and punitive damages of $300,000.00 and for immediate and emergency preliminary and mandatory injunctive relief against each and all of the named Defendants.

13. That Defendants be ordered to pay their own attorney's fees and court costs.

14. That this court appoints counsel for the Plaintiff. Perhaps counsel would be able to amend this complaint to add his own theories to this claim.

15. Finally, Plaintiff moves to proceed in forma pauperis.

THEREFORE, the Plaintiff prays that an Order be entered for pursuant to 42 U.S.C. Section 1983, and seeking compensatory damages of $25,000.00 and punitive damages of $300,000.00 and for immediate and emergency preliminary and mandatory injunctive relief against each and all of the named Defendants for as well as Motion for Appointment of Counsel, and Motion to Proceed In Forma Pauperis, and all, any, other, or further relief this court deems proper and necessary.

        Respectfully submitted,

        MARTIN EDWARD LEWIS,
        Pro Se

        By: *Martin Edward Lewis*

Martin Edward Lewis
7821 South Rhodes Avenue
Chicago, Illinois 60619-3013




# CHICAGO POLICE DEPARTMENT
3510 South Michigan Avenue/Chicago, Illinois 60653
Identification Section

## CRIMINAL HISTORY REPORT

CPD-31903C (REV. 7/04)

**LEWIS, MARTIN E**
IR # 2194666
SID #
FBI #
IDOC #

Current Arrest Information:

| | |
|---|---|
| Date of Birth: | 27-DEC-1958 |
| Age: | 54 years |
| Place of Birth: | ILLINOIS |
| SSN #: | |
| Drivers License #: | L20056558368 |
| Drivers Lic. State: | ILLINOIS |
| Scars, Marks &Tattoos: | |

CPD photo

MALE
BLACK
5'08"
160 lbs
EYES : BRO
HAIR : BLK
HAIR STYLE : SHORT
COMPLEXION : DRK

ACCESS AND REVIEW
IDENTIFICATION SECTION
POLICE DEPARTMENT
3510 S. MICHIGAN AVE.
CHICAGO, ILLINOIS 60653
DATE: APR 19 2013 SIGNATURE:

Key Historical Identifiers:

| Alias or AKA used | Date Used | Dates of Birth Used | Social Security Numbers Used |
|---|---|---|---|
| LEWIS, MARTIN E | 07-FEB-2013 | 27-DEC-1958 | Not Available |

Criminal Justice Summary: Total arrests: **1** (0 Felony, 0 Misdemeanor)    Total convictions: **0**

=== ARREST ===

| | | | |
|---|---|---|---|
| Arrest Name: **LEWIS, MARTIN E** | Arrest Date: 07-FEB-2013 | | Holding Facility: **CPD - CENTRAL MALE** |
| Date of Birth: **27-DEC-1958** | Arrest Address: **138 W CERMAK RD CHICAGO, IL 60616** | | |
| DCN or CB: **018591806** | Residence: **7821 S RHODES AVE CHICAGO, IL 60619** | | |
| Officer: **WOLFE** | Officer Badge#: **18973** | Arresting Agency: **CPD** | |

| Count | Class | Type | Statute | Arrest Charge Description | Inchoate |
|---|---|---|---|---|---|
| [1] | | L | 10-8-526 | Cta - Trespass On/W/O Paying (98-126-1.14c) | OFFENSE AS CITED |

**COURT CHARGES/DISPOSITION**

| Statute | Charge | Class | Case# |
|---|---|---|---|
| 10-8-526 | CTA - TRESPASS ON/W/O PAY | Q | 13119892601 |

Disposition: **NON-SUIT**                 Disposition Date: 05-APR-2013
Sentence:                                  Sentence Date:

***End of Report***

This Chicago Police Department IR rap-sheet should not replace the use of the Illinois State Police statewide criminal history transcript, which may contain additional criminal history data and can be obtained by performing a CQR1 inquiry via your LEADS terminal.

15-APR-2013 08:51                                                                 Requested by: PC0A370

```
             IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS           Page 001

    PEOPLE OF THE STATE OF ILLINOIS

                      VS              NUMBER 13119892601

       MARTIN     E LEWIS

             CERTIFIED STATEMENT OF CONVICTION / DISPOSITION

   I, DOROTHY BROWN, Clerk of the Circuit Court of Cook County, Illinois,
and keeper of the records and seal thereof do hereby certify that the
electronic records of the Circuit Court of Cook County show that:

The States Attorney of Cook County/Local Prosecutor has filed a complaint
with the Clerk of the Circuit Court.

Charging the above named defendant with:

  10-8-526                              Q      CTA - TRESPASS ON/W/O PAYING
The following disposition(s) was/were rendered before the Honorable Judge(s):


02/13/13 BOND SET BY RULE OF COURT                  04/05/13 2829
04/05/13 DEF DEMAND FOR TRIAL
     CALABRESE ANTHONY JOHN
04/05/13 NON-SUIT                                   C001
     CALABRESE ANTHONY JOHN
```

```
                                   I hereby certify that the foregoing has
                                   been entered of record on the above
                                   captioned case.
                                   Date 04/19/13
                                   _____
                                                 DOROTHY BROWN
                                   CLERK OF THE CIRCUIT COURT OF COOK COUNTY
```

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

PEOPLE OF THE STATE OF ILLINOIS
or
CITY OF CHICAGO, A Municipal Corporation,

v.

MARTIN EDWARD LEWIS, Defendant/Petitioner

Case Nos. 13119892601

Date of Birth: DECEMBER 27, 1958
Gender: ☑ Male  ☐ Female
Race: BLACK

## ORDER TO EXPUNGE AND IMPOUND CRIMINAL RECORDS

This Court, having considered all pleadings and any objections thereto, and after an evidentiary hearing, ORDERS THAT:

1. The Petition to Expunge and Impound is granted.

2. The above Arresting Agency(ies) and the Chicago Police Department shall expunge the arrest(s) from its records, if any, within 60 days of the date of service of this order. It is further directed that the Arresting agency(ies) shall request the return of all identification materials from any other repositories and custodians of statistics that were previously notified of this arrest(s) by the Arresting Agencies.

3. The Circuit Court Clerk shall impound the record of this arrest until further order of the court upon good cause shown and shall obliterate the name of the Petitioner on the official index.

4. The Illinois State Police, Bureau of Identification, shall expunge (or impound, if required by law) their files of the record of this arrest(s) within 60 days of the date of service of this order.

5. This order shall not become effective until 30 days after entry.

6. In accordance with the law, orders of protection, civil no contact orders, and civil no contact stalking orders shall not be expunged and impounded.

Prepared By: _____
Cook County Attorney Code: _____
Name: _____
Address: _____
City/State/Zip: _____
Telephone: _____

ENTERED:
ENTERED JUL 30 2013
DOROTHY BROWN
CLERK OF CIRCUIT COURT

Dated: 7-30-2013

Presiding Judge _____  Judge's No. _____

DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS