IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MARTIN EDWARD LEWIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 14 C 7317 |
| | ) |
| CITY OF CHICAGO, a Municipal Corporation, JOHN J. ESCALANTE, Interim Superintendent of the Chicago Police Department, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Martin Lewis ("Lewis") sued the City of Chicago and several individual police officers under 42 U.S.C. § 1983, claiming that he was detained for an excessive period of time following his arrest for a minor offense. The City moves to dismiss Lewis's claim against it pursuant to Fed. R. Civ. P. 12(b)(6). For the reasons below, the motion is denied.

I.

For purposes of this motion, I take the amended complaint's allegations as true and draw all reasonable inferences in Lewis's favor. *See, e.g.*, *Cincinnati Life Ins. Co. v. Beyrer*, 722 F.3d 939, 946 (7th Cir. 2013). Lewis alleges that at approximately 11:30 p.m.

on February 7, 2013, he was arrested by Chicago Police Officers Richard Wolfe and Mark Feeney for trespassing at a Chicago Transit Authority (CTA) station. Lewis was charged with violating CTA Ordinance 98-126-1.14(c), which is a ticketable offense carrying a maximum fine of $500 but is not punishable by incarceration. *See* Chicago, Ill. Code § 10-8-526(b).

According to the amended complaint, after arresting Lewis, the officers took him to the police station for questioning. Although he had no outstanding warrants and was fully cooperative, he was placed in handcuffs. Lewis was never given *Miranda* warnings or permitted access to a lawyer; he was not allowed to make any telephone calls and was told that if he communicated with anyone else in the police station, he would be charged under the state trespass statute instead of the city ordinance. Lewis claims that although he was entitled to be released on a personal recognizance bond after the administrative steps incident to his arrest were completed, he was instead held overnight in a cell without food or water. He was released at 10:00 a.m. on February 8, after being detained for more than ten hours. The charges against him were later dropped and his record was expunged.

Lewis claims that his detention was excessively long and violated his rights under the Fourth and Fourteenth Amendments. In addition to asserting a claim against the individual defendants, he seeks to hold the City liable under *Monell*, alleging that his

2

detention was the result of a City policy of unlawfully detaining individuals arrested for non-violent, fine-only offenses.[1]

## II.

The City advances two main arguments for dismissal of Lewis's *Monell* claim: (1) that the claim is inadequately pleaded; and (2) that the claim is time-barred. Neither argument is persuasive.

### A.

The City first cites various respects in which it believes that Lewis's amended complaint is insufficiently pleaded. For example, the City argues that it cannot be held liable under *Monell* for the alleged bad acts of a single officer. This contention is true, but this is not what Lewis's amended complaint seeks to do. Rather, as already noted, Lewis alleges that his excessive detention was proximately caused by a policy within the City of aggressively arresting and excessively detaining citizens for minor offenses.

The City also maintains that the amended complaint's *Monell* allegations are conclusory. I disagree. At this stage, a claim is sufficiently pleaded so long as it is described "in sufficient detail to give the defendant fair notice of what the ... claim is

---

[1] The amended complaint also asserts that the policy is enforced disproportionately with respect to African-American citizens. *See, e.g.*, Compl. ¶¶ 4, 31. Although the complaint states that Lewis is African-American, it leaves unclear whether and to what extent he believes racism played a role in his detention.

and the grounds upon which it rests," and the allegations "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a speculative level." *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (quotation marks and citations omitted).

Lewis's *Monell* allegations satisfy both of these requirements. The amended complaint identifies the policy at issue (detaining individuals for an excessive period of time for minor infractions after all administrative steps incident to arrest have been completed) and various features of the practices in question (arrests for minor infractions; excessive, incommunicado detention; denial of access to legal representation). *See, e.g.*, Compl. ¶ 31. These allegations are sufficient to provide the City with adequate notice of Lewis's *Monell* claim and the basis on which it rests. The amended complaint also cites empirical evidence of the policy's existence and its pervasiveness. *Id*. ¶ 31 (citing a series of investigative articles in *The Guardian* newspaper analyzing arrests and detentions in one Chicago Police Department facility from 2004 to 2011). This is sufficient to raise Lewis's claim above the speculative level.

In its reply brief, the City asserts that the articles cited in the amended complaint are hearsay. However, the City fails to cite any authority indicating that hearsay cannot be considered in deciding a Rule 12(b)(6) motion. *See, e.g.*, *Widmar v. Sun Chem.*

4

*Corp.*, No. 11 C 1818, 2012 WL 1378657, at *7 (N.D. Ill. Apr. 19, 2012) (rejecting defendants' argument that plaintiff could not rely on hearsay in his defamation complaint); *In re Palermo*, No. 08 CV 7421 RPP, 2011 WL 446209, at *5 (S.D.N.Y. Feb. 7, 2011) ("[B]ecause the Court must accept as true all factual statements alleged in the complaint for the purposes of a motion to dismiss, whether the statements ... might constitute inadmissible hearsay when relied upon for the truth of the matters asserted is simply irrelevant.") (quotation marks omitted). Because the City's argument is perfunctory and unsupported by case authority, it is forfeited. *See, e.g.*, *Mahaffey v. Ramos*, 588 F.3d 1142, 1146 (7th Cir. 2009) ("Perfunctory, undeveloped arguments without discussion or citation to pertinent legal authority are waived.").

Finally, the City argues that Lewis's *Monell* claim has not been properly pleaded because he has failed to plead his underlying claim for unreasonable detention. According to the City, "[t]aking into account the time taken to transport Plaintiff back to the police station, the time Plaintiff 'fully cooperated' with the police while at the station, and the time taken to move Plaintiff to a holding cell the duration of Plaintiff's detention can be reasonably explained." Def.'s Mot. to Dismiss at 11. This contention is implausible. Based on the amended complaint's allegations, there is no obvious reason why Lewis's detention should have lasted ten hours. Indeed, as I observed in granting the

5

City's motion to dismiss Lewis's original complaint, "[w]hen the police take more than four hours to complete the administrative steps incident to arrest, the Seventh Circuit 'require[s] an explanation for the length of the plaintiffs' detentions.'" *See Lewis v. City of Chicago*, No. 14 C 7317 (N.D. Ill. Oct. 6, 2015) (the "October 6, 2015 Order") at 5 (quoting *Chortek v. City of Milwaukee*, 356 F.3d 740, 746 (7th Cir. 2004)). At all events, the reasonableness of Lewis's detention is a factual question that cannot be decided on a motion to dismiss.

In sum, I am unconvinced by the City's argument that Lewis's *Monell* claim must be dismissed due to purported pleading deficiencies.

B.

The City's second argument is that Lewis's *Monell* claim should be dismissed because it is time-barred. The City concedes that Lewis's original complaint, filed on January 5, 2015, was within the two-year limitations period for § 1983 claims. *See, e.g.*, *Gekas v. Vasiliades*, 814 F.3d 890, 894 (7th Cir. 2016) ("The statute of limitations for § 1983 claims in Illinois is two years."). However, the City insists that Lewis's *Monell* claim was asserted for the first time only in Lewis's amended complaint. Since the amended complaint was filed on February 23, 2016 -- more than two years after his arrest -- the City argues that the claim is untimely. The

City further insists that the *Monell* claim asserted in the amended complaint does not relate back to the original complaint.

This argument fails for at least two reasons. First, Lewis's *Monell* claim was asserted in his original timely-filed complaint. Although the City contends that the initial claim against it was based on a *respondeat superior* theory, my October 6, 2015 Order made clear that I understood him to be asserting a claim under *Monell*. Although I concluded that the *Monell* allegations were ultimately insufficient, I dismissed the complaint without prejudice and permitted Lewis to replead the claim in an amended complaint. That is precisely what Lewis has done.

Secondly, because I dismissed the original *Monell* claim without prejudice, the *Monell* claim asserted in the amended complaint relates back to the original complaint. *Smith v. Union Pac. R. Co.*, 564 F. App'x 845, 847 (7th Cir. 2014); *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1022 (7th Cir. 2013). The City argues that it would be unfairly prejudiced by application of the relation-back doctrine in this case. It contends that based on the original complaint's allegations, it could not have foreseen that Lewis would assert a *Monell* claim against it. This argument is without merit. Not only did the October 6, 2015 Order construe Lewis's original complaint as asserting a *Monell* claim, but the City itself advanced arguments seeking dismissal of the original

claim in light of the possibility that it was asserted under *Monell*. *See* Def.'s Mot. to Dismiss [Doc. No. 18] at 6-7.[2]

In short, like the City's pleading argument, the City's timeliness argument fails.

### III.

For the reasons discussed above, the City's motion to dismiss is denied.

**ENTER ORDER:**

_____
**Elaine E. Bucklo**
United States District Judge

Dated: July 13, 2016

---

[2] The City additionally argues that the relation-back doctrine does not permit Lewis to add the individual officers as defendants in the amended complaint. Because its argument on this score is irrelevant to the *Monell* claim, I do not consider it here.